NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190138-U

NO. 4-19-0138

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 20, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| ELROY MITCHELL, | ) | No. 15CF669 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| | ) | Judge Presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Steigmann and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1   *Held*: The motion of the Office of the State Appellate Defender to withdraw as defendant's appellate counsel is granted and the circuit court's dismissal of defendant's *pro se* postconviction petition is affirmed.

¶ 2   Defendant, Elroy Mitchell, appeals the circuit court's first-stage dismissal of his *pro se* postconviction petition. On appeal, the Office of the State Appellate Defender (OSAD) was appointed to represent him but has filed a motion to withdraw as appellate counsel, alleging defendant's appeal lacks arguable merit. We grant OSAD's motion and affirm the court's dismissal.

¶ 3                                    I. BACKGROUND

¶ 4   In June 2015, the State charged defendant with multiple counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2014)) and aggravated criminal

sexual abuse (*id.* § 11-1.60(c)(1)(i)), alleging he engaged in various types of sexual conduct with A.A., his step-granddaughter (born April 11, 2002). The acts were alleged to have occurred from April 2009 until April 2015, when A.A. was between 7 and 13 years of age.

¶ 5        Following a jury trial in December 2015, defendant was convicted of a total of five predatory-criminal-sexual-assault-of-a-child counts and six aggravated-criminal-sexual-abuse counts. The trial court then sentenced him to an aggregate term of 107 years in prison. On direct appeal, defendant's convictions and sentences were affirmed. *People v. Mitchell*, 2018 IL App (4th) 160277-U.

¶ 6        In December 2018, defendant filed a *pro se* postconviction petition. He argued his convictions and sentences were void under *Johnson v. Edgar*, 176 Ill. 2d 499, 503-04, 518, 680 N.E.2d 1372, 1374, 1381 (1997), wherein the supreme court held that Public Act 89-428 (Pub. Act 89-428 (eff. Dec. 13, 1995))—which, in part, amended the Criminal Code of 1961 to create the offense of predatory criminal sexual assault of a child—violated the single subject rule of the Illinois Constitution and was invalid.

¶ 7        On January 18, 2019, the circuit court entered a written order dismissing defendant's *pro se* postconviction petition. It found *Johnson* did "not have any bearing" on the charges of which defendant was convicted and his petition was frivolous and without merit.

¶ 8        This appeal followed. As stated, OSAD was appointed to represent defendant on appeal. On April 19, 2020, it filed a motion to withdraw as appellate counsel. This court granted defendant leave to file a response to OSAD's motion, but he has not responded. Following our review of the record, we grant OSAD's motion and affirm the circuit court's judgment.

¶ 9                                II. ANALYSIS

¶ 10       On appeal, OSAD filed both a motion to withdraw as appellate counsel and an

accompanying memorandum of law in support of that motion. It argues the circuit court timely addressed defendant's *pro se* postconviction petition and that defendant's claim that his convictions and sentences were void under *Johnson* lacks any arguable merit.

¶ 11 Initially, we note OSAD has based its request to withdraw, in part, on *Pennsylvania v. Finley*, 481 U.S. 551 (1987), citing that case in both its motion and memorandum. However, as this court has recently clarified, *Finley* does not govern motions to withdraw as appellate counsel when the defendant is appealing the dismissal of his or her postconviction petition. See *People v. White*, 2020 IL App (4th) 160793, ¶¶ 42-49, 153 N.E.3d 1084, ("*Finley* does not address the actions counsel must take when moving to withdraw as counsel in a postconviction appeal."). Although we find *Finley* has no application to OSAD's motion, after reviewing the record, we agree that defendant's appeal lacks merit and grant OSAD leave to withdraw as defendant's appellate counsel.

¶ 12 "The Post-Conviction Hearing Act provides a procedural mechanism through which criminal defendants can assert that their federal or state constitutional rights were substantially violated in their original trials or sentencing hearings." *People v. Buffer*, 2019 IL 122327, ¶ 12, 137 N.E.3d 763. At the first stage of postconviction proceedings, "the circuit court must, within 90 days of the petition's filing, independently review the petition, taking the allegations as true, and determine whether 'the petition is frivolous or is patently without merit.' " *People v. Hodges*, 234 Ill. 2d 1, 10, 912 N.E.2d 1204, 1208-09 (2009) (quoting 725 ILCS 5/122-2.1(a)(2) (West 2006)). A postconviction petition is frivolous or patently without merit when it "has no arguable basis either in law or in fact." *Id.* at 11-12. Further, "[a] petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* at 16.

¶ 13        "If the [circuit] court determines that the petition is either frivolous or patently without merit, the court must dismiss the petition in a written order." *Id.* at 10. The court's dismissal of a postconviction petition is subject to *de novo* review. *Buffer*, 2019 IL 122327, ¶ 12.

¶ 14        Here, as argued by OSAD, the circuit court timely addressed defendant's *pro se* postconviction petition and correctly determined that it was frivolous and patently without merit. First, defendant's *pro se* petition was filed on December 31, 2018. The circuit court's written order dismissing that petition was filed on January 18, 2019, well within the Post-Conviction Hearing Act's 90-day time frame. See 725 ILCS 5/122-2.1(a) (West 2016).

¶ 15        Second, the sole claim raised by defendant in his *pro se* postconviction petition has no arguable basis in either law or fact. It is accurate that in *Johnson*, 176 Ill. 2d at 518, the supreme court addressed the validity of Public Act 89-428 and held that it violated the single subject clause of the Illinois Constitution. Further, in reaching its decision, the court noted that Public Act 89-428 had, in part, included an amendment that created the offense of predatory criminal sexual assault of a child. *Id.* at 503-04. Thus, the invalidation of the public act necessarily invalidated the amendment creating that offense. However, as OSAD asserts, even prior to the supreme court's decision in *Johnson*, the general assembly enacted Public Act 89-462 (Pub. Act 89-462 (eff. May 29, 1996) (adding 720 ILCS 5/12-14.1)), which recodified and made valid the predatory-criminal-sexual-assault-of-a-child offense. See *Johnson*, 176 Ill. 2d at 509-10.

¶ 16        In this case, the State did not charge defendant until 2015 for offenses that were alleged to have occurred between April 2009 to April 2015, well after the legislature's reenactment of the predatory-criminal-sexual-assault-of-a-child offense (and following a subsequent renumbering of the offense (720 ILCS 5/11-1.40 (West 2012)). Further, as noted by OSAD, defendant was also convicted of several counts of aggravated criminal sexual abuse, an offense

not impacted by *Johnson* and its invalidation of Public Act 89-428. Accordingly, defendant's claim that, under *Johnson*, his convictions and sentences are void has no arguable merit.

¶ 17                                    III. CONCLUSION

¶ 18        For the reasons stated, we grant OSAD's motion to withdraw as appellate counsel and affirm the circuit court's judgment.

¶ 19        Affirmed.